**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANDREW SIEBERT, 33672-177,** | § | |
| **Petitioner,** | § | |
| | § | **3:11-CV-384-M** |
| **v.** | § | **3:05-CR-220-M(04)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner was prosecuted for participating in a mortgage-fraud scheme. In December, 2006, a jury convicted him of seven counts of conspiring to commit and committing mail, wire and bank fraud in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1349. On January 23, 2009, the Court sentenced Petitioner to sixty months in prison and three years supervised release. He was also ordered him to pay $1,762,362.71 in restitution. On June 22, 2010, the Fifth Circuit Court of Appeals affirmed the conviction and sentence. On November 1, 2010, the Supreme Court denied certiorari.

On February 21, 2011, Petition filed the instant petition pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel because:

Page 1

(1)     Counsel was working on another large and complicated criminal case which

compromised her ability to defend him;

(2)     Counsel failed to properly investigate the case;

(3)     Counsel failed to investigate witness Katy Wilson; and

(4)     Counsel failed to request a continuance.

On October 26, 2011, Respondent filed its answer.  On December 19, 2011, Petitioner

filed a reply.  The Court now finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct

appeal.  *United States v. Manners*, 384 Fed. Appx. 302, 304 (5th Cir. 2010).

A grand jury charged Petitioner with participating in a mortgage fraud scheme.  The

basic function of this scheme was to fraudulently obtain loans from mortgage lenders through the

use of straw borrowers.  As part of the scheme, co-defendant Charles Burgess would recruit

individuals who had high credit scores, but few assets, to apply for bank financing in their own

names and sign the closing paperwork.  Petitioner, as a licensed escrow officer, participated in

the scheme by circumventing the safeguards put in place by the escrow provisions of the

purchase agreements.  Petitioner prepared closing statements indicating that the funds for the

down payment would come from the straw borrowers.  According to the financial records

introduced at trial, however, these down payments actually originated from loan proceeds that

Petitioner was supposed to hold in escrow until closing.  In essence, Petitioner facilitated the

scheme by releasing escrow funds before the lenders had given their approval.  A portion of

these funds was then used as the straw buyers' "down payments."

Burgess, as a cooperating co-defendant, provided important testimony implicating Petitioner and another co-defendant, Mark Manners.  Burgess testified that Manners provided the false documents needed to close the transactions and that the scheme could not have succeeded without the cooperation of Petitioner.  Burgess also testified that he informed both Petitioner and Manners about the fraudulent nature of the real estate transactions.  Petitioner's defense rested in part on impeaching Burgess's credibility at trial.  Petitioner also sought to show that Burgess's *modus operandi* was to secure the unwitting cooperation of escrow officers and other innocent third parties in his fraud schemes.'

## III.  Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"

*Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**1.      Katy Wilson**

Petitioner argues his counsel failed to adequately investigate witness Katy Wilson. Petitioner states that Wilson was going to testify for the government, but she was not called as a witness. He states she "knew the intricacies" of Burgess's fraud scheme. Petitioner, however, has failed to show that a further investigation of Wilson would have uncovered evidence favorable to the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner's claim is conclusory and should be denied.

**2.      Continuance**

Petitioner argues his counsel was ineffective when she failed to request a continuance to investigate evidence that co-defendant Burgess was involved in another real estate fraud scheme. The defense argued Burgess recruited innocent parties, including Petitioner, to secure their unwitting cooperation in the fraud schemes.

One week before trial, the government faxed defense counsel information that Burgess might be involved in a real estate fraud scheme in Colorado ("Oxford fraud"). As a result of that information, and other later disclosures by the government, defense counsel obtained a witness for trial who testified that she lost $60,000 in the Oxford fraud and that Burgess had tricked her into buying a house in Florida. *Manners*, 384 Fed. Appx. at 304. Petitioner argues his counsel should have requested a continuance to find other witnesses and evidence that Burgess tricked

innocent people into participating in the Oxford fraud scheme.  On appeal, however, defense counsel admitted they never received any new information that Burgess had obtained the unwitting cooperation from other third parties in the Oxford fraud scheme.  Additionally, Petitioner has submitted no evidence any such information exists.  His claim of ineffective assistance of counsel is conclusory and should be denied.

### 3.    Investigation

Petitioner argues his counsel conducted an insufficient investigation.  He states his counsel was involved in another large and complicated criminal case which prevented her from adequately defending his case.  He claims she failed to review certain documents, but instead told Petitioner to review the documents.  He also states the government had a room full of other documents that his counsel did not review.

Petitioner has failed to identify any document that was favorable to the defense that  was not reviewed by his counsel.  His claims are conclusory and should be denied.  *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 10th  day of August, 2012.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).